In the Matter of the Application of ANNIE LITTMAN, Appellant, to Compel Payment by JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, Respondent.

First Department, June 12, 1931.

*Abraham Feit*, for the appellant.

*Julius L. Neidle* of counsel [*Walter Bishop* and *Warren C. Fielding* with him on the brief; *Carl J. Austrian*, attorney], for the respondent.

MARTIN, J. On December 8, 1930, the petitioner deposited $1,600 with the Bank of United States for payment to Berko Polejes at Havana, Cuba, and received from the bank the usual receipt for such money order transaction. The Superintendent of Banks took possession of the Bank of United States on December

11, 1930. On December 10, 1930, at Havana, Cuba, Polejes declined to accept the funds and directed that the same be returned to the sender, the petitioner, appellant. The respondent has refused to return the money to the petitioner and this application was made to compel him to do so.

In his answering affidavit the Superintendent of Banks admits that he was in possession of the bank when the retransmission of these funds was concluded. He sets forth in detail the bookkeeping arrangement in effect with the Royal Bank of Canada, apparently the correspondent of the Bank of United States at Havana, which bank also maintained an account at New York in the Bank of United States. On January 2, 1931, when the advice was received of the non-payment of the money transferred, the Superintendent of Banks debited the Royal Bank of Canada at New York with the sum of $1,600, which was in effect crediting the same to the Bank of United States.

The appellant contends that the transaction between the petitioner and the Bank of United States was merely a special deposit for the purpose of transmitting the specific sum of $1,600 to Polejes, a designated payee, at Havana; that the Superintendent of Banks being in possession of the Bank of United States on January 2, 1931, when the cable money order was returned, was without authority to credit the Bank of United States by debiting the account of the Royal Bank of Canada.

We are of the opinion that the original transaction between the Bank of United States and the petitioner herein resulted in a special deposit and did not create the relationship of debtor and creditor. The cable advice stated that the money was the property of the petitioner, and upon receipt thereof the respondent should have held it for the benefit of the appellant. The respondent was without authority to credit the Royal Bank of Canada with the funds received as they were the property of the petitioner, and not the property of that bank.

The case of *Cutler* v. *American Exchange National Bank* (113 N. Y. 593) is similar to that now under consideration. In that case the plaintiffs deposited with the defendant bank at New York the sum of $500 for payment to one Hall in Leadville, Colo., and received the bank's receipt therefor. The bank at Leadville went into the hands of a receiver before the transaction was concluded and sought to evade liability, disclaiming that the deposit was a special deposit. The court, by Judge GRAY, said: " The deposit was a special one, for a designated beneficiary and could not be used or dedicated by the defendant to any other purpose. No system of bookkeeping entries would be allowed to cause the plain

agreement of the parties to miscarry; either with respect to a payment to Hall, or to its return to the depositors, in the event of the failure of the defendant to cause such payment."

In *People ex rel. Zotti* v. *Flynn* (135 App. Div. 276) this court passed upon a similar question. In that case Zotti, who was charged with larceny, received money with instructions to forward it to a bank in Vienna and agreed that the money would be delivered promptly. The money was deposited to the account of the person who had made the request but was never forwarded. The court held that the deposit was a special one made under explicit instructions and it was impossible, therefore, to say that the relation between the parties was merely that of debtor and creditor.

In *Johnson* v. *Whitman* (10 Abb. Pr. [N. S.] 111) a remittance of bank notes was attempted to be made through a banker. He treated it as a general deposit and converted the notes to his own use. It was there held that he could be held for conversion and could not assert that the transaction resulted in a debtor and creditor relation.

In *Libby* v. *Hopkins* (104 U. S. 303) the court said: " When A sends money to B with directions to apply it to a debt due from him to B it cannot be construed as a deposit, even though B may be a banker. The reason is plain. The consent of A that it shall be considered a deposit and not a payment is necessary and is wanting."

Where money is received for a specific purpose to be thereafter delivered to a designated person and the transaction is carried out to the extent of forwarding the money to that person who refuses to accept it and it is returned to the sending bank after the Superintendent of Banks has taken control, that bank may not hold the money as against the true owner. The deposit was a special deposit for a particular purpose, and the bank having failed to carry out that purpose was bound to return the money.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.